**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-7836**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY GRAHAM,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Samuel G. Wilson, District Judge.  (CR-95-70115; CA-05-227)

Submitted:  October 25, 2006          Decided:  November 14, 2006

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Timothy Graham, Appellant Pro Se.  Thomas Linn Eckert, Assistant United States Attorney, Roanoke, Virginia; Michael Robert Doucette, Kimberley Slayton White, COMMONWEALTH ATTORNEY'S OFFICE, Lynchburg, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Timothy Graham seeks to appeal the district court's orders dismissing his 28 U.S.C. § 2255 (2000) motion, entered April 20, 2005, and denying his Fed. R. Civ. P. 59(e) motion, entered May 12, 2005. We previously remanded this case to the district court for the limited purpose of determining whether Graham satisfied the requirements for reopening the appeal period set forth in Fed. R. App. P. 4(a)(6). See United States v. Graham, No. 05-7836, 180 F. App'x 429 (4th Cir. 2006) (unpublished). On remand, the district court found Graham did not satisfy these requirements. For the reasons that follow, we dismiss the appeal for lack of jurisdiction.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order denying Graham's Rule 59(e) motion was entered on the docket on May 12, 2005. The notice of appeal, which we previously construed as a motion to reopen the

- 2 -

appeal period, was filed on November 15, 2005. On remand, the district court found Graham's motion to reopen was untimely, because he failed to file the motion to reopen within 180 days after the district court denied the Rule 59(e) motion, which was November 8, 2005. See Fed. R. App. P. 4(a)(6)(A) (providing a motion to reopen must be filed within 180 days after entry of the order or seven days after receiving notice of the entry, whichever is earlier). We agree. Because Graham failed to file a timely notice of appeal or to obtain a permissible extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED